**Order entered November 19, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00202-CR

### SIMEON DEWAYNE THOMAS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-71405-N**

# ORDER

Our review of the record and the parties' briefing has identified a number of errors in the trial court's judgment. Appellant Simon Thomas has pointed out three such errors:

- there was no plea bargain agreement;

- appellant did not plead guilty; and

- appellant did not waive his right to a jury trial.

The State has pointed out additional errors:

- the judgment does not reflect information required by the Code of Criminal Procedure's article 42.01, including: that evidence was submitted to the jury, that the jury was charged by the court, the jury's verdict, that the defendant was adjudged guilty by the jury, and the plea and findings on the second enhancement paragraph; and

- the name of the controlled substance is misspelled.

The majority of these errors proceed from the trial court's use of an incorrect judgment form. The form employed in the case is titled Judgment of Conviction by Court – Waiver of Jury Trial. The correct form would have been the one titled Judgment of Conviction by Jury.

Accordingly, this Court **ORDERS** the trial court to prepare and sign a corrected judgment, using the form appropriate for a judgment of conviction by a jury, and including all statutorily required information. We **ORDER** the trial court to transmit a supplemental clerk's record containing the corrected judgment to this Court no later than December 3, 2018. This appeal cannot proceed with an incorrect judgment: the Rules of Appellate Procedure forbid us to affirm or reverse a judgment if the trial court's erroneous action can be corrected by the trial court. TEX. R. APP. P. 44.4.

This appeal is **ABATED** to allow the trial court to comply with this order. The appeal shall be reinstated **TWENTY-ONE DAYS** from the date of this order or when we receive the supplemental clerk's record, whichever is earlier.


/s/     CRAIG STODDART
        PRESIDING JUSTICE